

**FILED**
**May 16, 2019**
**07:34 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT GRAY

| | | |
|---|---|---|
| **KATELYN JONES,** | ) | **Docket No. 2018-02-0409** |
| **Employee,** | ) | |
| **v.** | ) | |
| **UPPER EAST TENNESSEE HUMAN** | ) | |
| **DEVELOPMENT AGENCY,** | ) | **State File No. 37058-2018** |
| **Employer,** | ) | |
| **And** | ) | |
| **PUBLIC ENTITY PARTNERS,** | ) | |
| **Carrier.** | ) | **Judge Brian K. Addington** |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

---

The Court held an Expedited Hearing on May 14, 2019, on Katelyn Jones's entitlement to medical and temporary disability benefits. The issue is whether Ms. Jones is likely to establish at trial that she is entitled to these benefits for a knee injury she suffered from a fall at work. For the reasons below, the Court denies the requested relief.

### History of Claim

Ms. Jones worked as a family resource specialist at Upper East Tennessee Human Development Agency (UETHDA). Her position included "engagement activities," which are planned events where all students and their parents participate in social activities coordinated by teachers, their assistants, and the family resource specialists.

During an engagement activity in UETHDA's gym on May 18, 2018, Ms. Jones ensured that the activities progressed, the children and parents stayed engaged, and the participants remained safe. After an activity ended, she walked across the gym floor and suddenly fell injuring her left knee. The floor was level and unobstructed. Ms. Jones did not observe anything that caused her to fall.

UETHDA provided a panel, and Ms. Jones chose Holston Medical Group. After two visits, UETHDA denied her claim on the basis she suffered an idiopathic injury. Ms.

1

Jones continued limited treatment at her own expense and testified that she needs surgery to repair a ligament and bone spur.

Ms. Jones asserted her injury occurred at work and she never experienced knee complaints before the fall. She argued her work duties supervising children and interacting with the adults during the engagement activity presented a hazard that caused her injury. UETHDA argued Ms. Jones suffered an idiopathic injury; no work hazard caused her to fall. It asked the Court to deny Ms. Jones's claim and moved to dismiss the case.

### Findings of Fact and Conclusions of Law

To prevail at an expedited hearing, Ms. Jones must provide sufficient evidence to show she would likely to prevail at a hearing on the merits in proving her claim for medical and temporary disability benefits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018). She failed to do so.

Since Ms. Jones does not know why she fell, UETHDA argued she suffered an idiopathic injury. An idiopathic injury is defined as "one that has an unexplained origin or cause, and generally does not arise out of the employment unless 'some condition of the employment presents a peculiar or additional hazard.'" *Veler v. Wackenhut Servs.*, No. E2010-00965-WC-R3-WC, 2011 Tenn. LEXIS 78, at *9 (Tenn. Workers' Comp. Panel Jan. 28, 2011). Since Ms. Jones fell on a level, unobstructed surface, she must establish that her unexplained fall was due to a condition of the employment that presented a peculiar or additional hazard to her. *Byrom v. Randstad N. Am., L.P.*, No. E2011-00367-WC-R3-WC, 2012 Tenn. LEXIS 152, at *13 (Tenn. Workers' Comp. Panel Mar. 8, 2012).

Ms. Jones's argument that her job duties presented a hazard that caused her injury is not persuasive. As the Workers' Compensation Appeals Board explained in *McCaffery v. Cardinal Logistics*, 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at *8-11 (Dec. 10, 2015), the relevant inquiry is not what caused the alleged idiopathic condition or event but what caused *the injury*. The Board noted that "cause" in the context of idiopathic injuries "means that the accident originated in the hazards to which the employee was exposed as a result of performing his job duties." *Id.* at *10. Here, the important inquiry is *not* what caused Ms. Jones's fall, but what caused her knee injury. Ms. Jones did not submit any evidence as to what caused her knee injury, and her mere presence at work is not a "hazard." *See Rogers v. Kroger Co.*, 832 S.W.2d 538, 541 (Tenn. 1992). Therefore, the Court holds Ms. Jones did not come forward with sufficient evidence to prevail at a hearing on the merits and she is not entitled to the requested benefits.

Finally, UETHDA's motion to dismiss, presumably a motion for involuntary dismissal under Rule 41.02 of the Tennessee Rules of Civil Procedure, is denied. Ms.

2

Jones sought interlocutory relief at an expedited hearing, so this is a nonfinal order subject to modification at any time before the final compensation hearing. *See* Tenn. Code Ann. § 50-6-239(d)(3).

**IT IS, THEREFORE, ORDERED as follows:**

1. Ms. Jones's requested relief is denied at this time.

2. This matter is set for a Status Hearing on August 27, 2019 at 9:00 a.m. Eastern Time. The parties must call **855-543-5044** toll-free to participate in the hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

   **ENTERED May 16, 2019.**

/s/ Brian K. Addington
**JUDGE BRIAN K. ADDINGTON**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits
1. Ms. Jones's Affidavit
2. Notice of Denial of Claim for Compensation
3. Medical records of HMG Urgent Care
4. Medical records of Family Physicians of Johnson City
5. Franklin Woods's radiology report
6. Medical records of Appalachian Orthopedics
7. Collective-Medical bills and receipts
8. Pay Stubs from April and May 2018
9. Job Description

Technical Record
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Motion to Dismiss
5. Agreed Order
6. Statement of Stipulated Facts
7. Ms. Jones's Pre-Hearing Brief
8. Employer's Pre-Hearing Brief

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent to these recipients by the following methods of service on May 16, 2019.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Josh Hoeppner, Employee's Attorney | | X | josh@hoeppnerlaw.com |
| Sam McPeak, Employer's Attorney | | X | sam@hbm-lawfirm.com |

_Penny Shrum_

**PENNY SHRUM, COURT CLERK**
**Court of Workers' Compensation Claims**

4



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

_____
**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals
Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20 ___

[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                     RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month          Medical/Dental  $ _____ per month

Groceries          $ _____ per month          Telephone       $ _____ per month

Electricity        $ _____ per month          School Supplies $ _____ per month

Water              $ _____ per month          Clothing        $ _____ per month

Gas                $ _____ per month          Child Care      $ _____ per month

Transportation     $ _____ per month          Child Support   $ _____ per month

Car                $ _____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____          (FMV) _____

Checking/Savings Acct.  $ _____

House                   $ _____          (FMV) _____

Other                   $ _____          Describe: _____

11. My debts are:

Amount Owed                          To Whom

_____          _____

_____          _____

_____          _____

_____          _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)                                      RDA 11082